**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **TYLER GAMBILL, on behalf of himself and all others similarly situated,**<br><br>**and**<br><br>**MATTHEW NEAL, on behalf of himself and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SCHILL LANDSCAPING AND LAWN CARE SERVICES, LLC,**<br><br>**Defendant.** | : | **Case No. 1:26-cv-00095**<br><br>**JUDGE BARRETT**<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT** |

COMES NOW Plaintiffs Tyler Gambill and Matthew Neal, on behalf of themselves and all others similarly situated, by and through their undersigned legal counsel, and for their First Amended Complaint against Defendant Schill Landscaping and Lawn Care Services, LLC, allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs submit this First Amended Complaint as of right pursuant to Rule 15, Federal Rules of Civil Procedure.

2. This is a collective action and class action brough by Plaintiffs on behalf of themselves and all others similarly situated, to recover unpaid overtime premiums and other wage

payments from their current/former employers, Defendant Schill Landscaping and Lawn Care Services, LLC.

3. Defendant has employed numerous hourly employees who have not been paid the appropriate overtime premiums for the hours they worked.

4. Upon information and belief, Defendant continues to employ numerous employees who are not paid the proper overtime premium for all hours worked, and are further not being paid all hours owed to them.

5. Plaintiffs brings this action (1) as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and (2) as an opt-in collective action on behalf of themselves and all similarly situated individuals for violations of Ohio Rev. Code § 4111.03; and (3) on behalf of himself and a Rule 23, Federal Rules of Civil Procedure class of others pursuant to Ohio Rev. Code § 4113.15.

6. Plaintiffs Gambill and Neal, individually, bring actions for violations of the FLSA, 29 U.S.C. §215(a)(3).

## PARTIES

7. Plaintiff Tyler Gambill is a former crewman/foreman of Defendant.

8. Plaintiff Matthew Neal is a former crewman/foreman of Defendant.

9. Defendant Schill Landscaping and Lawn Care Services is an Ohio limited liability company. Upon information and belief, it provides commercial landscaping, maintenance, and snow and ice removal services throughout Ohio.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over Plaintiffs' Complaint because their claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

11. The Court has supplemental jurisdiction over Plaintiffs' state law claims because they arise out of the same transaction or occurrence and share a common nucleus of operative fact with their federal claims.

12. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred herein and Defendants are otherwise subject to the personal jurisdiction of Ohio and this Court.

## FACTUAL ALLEGATIONS

13. Defendant is an "Employer" within the meaning of the FLSA.

14. Plaintiffs are former employees of Defendants.

15. Plaintiffs were employed by Defendant during the relevant statutory period.

16. Defendant compensated Plaintiff Gambill at a rate of $21/hr.

17. Defendant compensated Plaintiff Neal at a rate of $22/hr.

18. When Plaintiffs were dispatched to provide snow or ice removal services, Defendant paid an enhanced rate equal to one and a half times the regular rate of pay.

19. This rate is paid regardless of whether Plaintiffs works in excess of 40 hours in the workweek, and constitutes compensation for undertaking hazardous, arduous, or dirty work.

20. For example, during the workweek between January 5, 2025, to January 11, 2025, Plaintiff Gambill worked 92.03 hours. Of these hours worked, Plaintiff Gambill received pay for 90.99 hours at his snow rate, and 1.04 hours at an overtime rate of $31.50.

21. Plaintiff Neal was subjected to the same or similar terms and conditions of employment as Plaintiff Gambill.

22. The FLSA requires that an employee's regular rate of pay includes any extra premiums paid, such as shift differential, hazard pay, or incentive pay. 29 C.F.R. § 778.207(b).

23. As such, when Plaintiffs performed snow removal duties in excess of 40 hours during the week of January 5, 2025, or for any other workweeks during the relevant statutory period, the were not paid the overtime premium of one and a half times their regular rate of pay.

24. Upon information and belief, Defendant maintains this practice of excluding snow pay from overtime compensation with all employees who were employed or are employed to perform snow removal service and worked over 40 hours in a workweek.

25. Upon information and belief, Defendant does not include snow rate in determining the blended rate for overtime compensation pursuant to 29 C.F.R. § 778.115.

26. Defendant failed to properly compensate Plaintiffs for the work they performed during his employment.

27. Defendants were aware, or should have been aware, that Plaintiffs and the putative collective and class members were entitled to payment at time and a half for all overtime hours worked.

28. Upon information and belief, Plaintiffs made numerous requests for their overtime compensation to Defendant, and payment has not been made.

29. Initially, Plaintiffs were assigned to work on the same team for Defendant.

30. However, when Plaintiffs spoke up about their lack of overtime pay, Defendant split the two of them up, sending them to different teams.

31. This action was commenced on January 30, 2026, and notice and waiver forms were sent to Defendant's registered agent.

32. As a public record, this action was accessible on PACER, as well as other websites such as JUSTIA, PAcerMonitor, and Law360.

33. Upon information and belief, Defendant acquired knowledge of this action before or on February 2, 2026.

34. On February 2, 2026, at or around 4:00 PM, Defendant's Regional Human Resources Generalist Laura Olivio called Plaintiff Gambill and informed him that he was terminated effective immediately.

35. On February 2, 2026, at or around 4:00 PM, Olivio called Plaintiff Neal and informed him that he was terminated effective immediately.

36. Neither Plaintiff had any disciplinary record or workplace violations which would warrant termination.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

38. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals for the recovery of unpaid overtime wages and liquidated damages. The proposed FLSA collective is defined as follows:

    All persons who worked for Defendants and were not paid the overtime premium for work performed after January 31, 2023. ("FLSA Collective").

39. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). The opt-in forms are attached hereto.

40. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" Plaintiffs.

41. During the applicable statutory period, Plaintiffs and the putative FLSA Collective members often worked without receiving the full overtime premium for their hours worked.

42. Even if Defendant was to pay, or did pay, any of Plaintiffs' or the FLSA Collective's wages after the pay date, such late payment still constitutes a violation of the FLSA. See e.g., *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580 (6th Cir. 2002); *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993).

43. Defendant willfully engaged in a pattern of violating the FLSA as described in this Complaint by failing to timely pay its employees overtime when they were fully aware these employees were working. Defendants' conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

44. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective.

45. There are numerous similarly situated current and former employees of Defendants who have suffered from Defendants' practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

**OHIO COLLECTIVE ACTION ALLEGATIONS**

46. Plaintiffs incorporate the preceding paragraphs as if fully alleged herein.

47. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals for the recovery of unpaid overtime wages pursuant to of Ohio Rev. Code § 4111.03. The proposed Ohio collective is defined as follows:

All persons who worked for Defendants Ohio and were not paid the overtime premium for work performed after January 31, 2023. ("Ohio Collective").

**OHIO CLASS ACTION ALLEGATIONS**

48. Plaintiffs incorporate by reference the preceding paragraphs as if fully alleged herein.

49. Plaintiffs (the "Ohio Class Representatives") bring this action under Ohio Rev. Code § 4113.15 as a class actions pursuant to Rule 23, Federal Rules of Civil Procedure on behalf of the following defined class:

All persons who worked for Defendants in Ohio and were and were not paid the overtime premium for work performed after January 31, 2023. ("Ohio Class")

50. Numerosity: Upon information and belief, the proposed Ohio Class is so numerous that joinder of all members is impracticable. The Ohio Class Representatives are informed and believe, and on that basis alleges that during the applicable statutory period, Defendant employed over 35 people who satisfy the definition of the proposed Ohio Class.

51. Typicality: The Ohio Class Representatives' claims are typical of the members of the Ohio Class. The Ohio Class worked hours similar to the Ohio Class Representatives, and both the Ohio Class Representatives and the Ohio Class were subject to Defendant's policies and practices of failing to pay appropriate and timely overtime compensation.

52. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against the Defendant.

53. Adequacy: The Ohio Class Representatives will fairly and adequately protect the interests of the Ohio Class and have retained counsel experienced in wage and hour class and collective action litigation.

54. Commonality: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

i. Whether Defendants unlawfully failed to pay all compensation due to the Ohio Class Representative and the members of the Ohio Class, in violation of Ohio wage and hour laws;

ii. Whether Defendant's actions were willful; and

iii. The proper measure of damages sustained by the Ohio Class Representatives and the Ohio Class.

55. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

56. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions only affecting individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the members of the Ohio Class the timely and appropriate overtime wage compensation to which they are entitled. The damages suffered by the individual Ohio Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

57. Plaintiffs intend to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the members of the Ohio Class are available from Defendant.

## CAUSES OF ACTION

### Count I: Violation of the Fair Labor Standards Act

58. Plaintiffs and the FLSA Collective incorporate by reference the allegations in the preceding paragraphs as if fully restated herein and further allege that Defendant violated the FLSA, 29 U.S.C. § 207(a) by failing and refusing to compensate Plaintiff and the FLSA Collective at the required overtime premium.
59. 29 U.S.C. § 207(a) requires employers to pay each employee the federal overtime premium for hours worked in excess of 40 per week.
60. Defendant is an "employer" within the meaning of the FLSA.
61. Plaintiffs are "employees" within the meaning of the FLSA.
62. Defendant has failed to remit the federal overtime premium to Plaintiffs and the FLSA Collective for hours worked.
63. As a direct and proximate result of Defendant's unlawful action, Plaintiffs and the FLSA Collective have suffered, and continue to suffer, economic harm in the form of lost wages, liquidated damages, attorneys' fees, and costs.

**Count II: Violation of Ohio Rev. Code § 4111.03**

64. Plaintiffs and the Ohio Collective incorporate by reference the allegations in the preceding paragraphs as if fully restated herein and further allege that Defendant violated Ohio Rev. Code § 4111.03 by failing and refusing to compensate Plaintiffs and the Ohio Collective at the required overtime premium.
65. Ohio Rev. Code § 4111.03 requires employers to pay each employee the state overtime premium for hours worked in excess of 40 per week.
66. Defendant is an "employer" within the meaning of Ohio law.
67. Plaintiffs are "employees" within the meaning of Ohio law.

68. Defendant has failed to remit the Ohio overtime premium to Plaintiffs and the Ohio Collective for hours worked.

69. As a direct and proximate result of Defendant's unlawful action, Plaintiffs and the Ohio Collective have suffered, and continue to suffer, economic harm in the form of lost wages, liquidated damages, attorneys' fees, and costs.

**Count III: Class Action for Violation of Ohio Rev. Code § 4113.15**

70. Plaintiffs and the Ohio Class restate and incorporate by reference the above paragraphs as if fully set forth herein, and further allege that Defendant violated Ohio Rev. Code § 4113.15 by failing and refusing to pay Plaintiffs and the Ohio Class all wages they are due.

71. Ohio Rev. Code § 4113.15 requires employers to pay each employee all wages due and owing within 30 days of becoming due.

72. Defendant is an "employer" within the meaning of Ohio law.

73. Plaintiffs are "employees" within the meaning of Ohio law.

74. Defendant has failed to remit the federal and Ohio overtime premium to Plaintiffs and the Ohio Class for hours worked.

75. As a direct and proximate result of Defendant's unlawful actions, Plaintiff and the Ohio Class have suffered, and continue to suffer, economic harm in the form of lost wages, liquidated damages, attorneys' fees, and costs.

**Count IV: Violation of 29 U.S.C. § 215**

76. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein, and further allege that Defendant violated 29 U.S.C. § 215(a)(3) by discharging or in any other manner discriminating against them because they filed a complaint or instituted or caused to be instituted any proceeding under the FLSA.

77. Specifically, Plaintiffs allege that Defendant fired them because of their prior complaints about unpaid overtime; (2) Defendant's belief that either Plaintiff intended to file a proceeding or testify in a proceeding regarding Defendant's illegal overtime practices; and/or (3) Defendant's belief or knowledge that Plaintiffs had filed a lawsuit regarding Defendant's illegal overtime practices.

78. As a direct and proximate result of Defendant's unlawful actions, Plaintiffs have suffered, and continue to suffer, damages in the form of lost wages, liquidated damages, emotional distress, mental anguish, attorneys' fees, and costs.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, hereby demands judgment against Defendant as follows:

A. Designation of this litigation as a collective action on behalf of Plaintiff and the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to the FLSA Collective apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. Designation of this action as a collective action on behalf of Plaintiff and the Ohio Collective, and prompt issuance of notice pursuant to Ohio law to the Ohio Collective apprising them of the pendency of this action, and permitting them to assert timely Ohio claims in this action by filing individual consent forms;

C. Designation of this action as a class action on behalf of Plaintiff and the Ohio Class, and prompt issuance of notice pursuant to Rule 23, Federal Rules of Civil Procedure to the Ohio Class apprising them of the pendency of this action, and permitting them to assert timely opt-outs to this action by filing individual forms.

D. Judgment that Plaintiff and those similarly situated are entitled to protection under the FLSA and Ohio law;

E. Judgment against Defendant for violations of the overtime provisions of the FLSA and Ohio law;

F. Judgment that the Defendant's violations of the FLSA and Ohio law were willful;

G. An award to Plaintiff and those similarly situated for the amount of unpaid wages owed, and liquidated damages under federal and state law;

H. An award of post-judgment interest;

I. An award of reasonable attorneys' fees and costs;

J. Leave to add additional Plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

K. For other and further relief, in equity, as this Court may deem appropriate.

AND WHEREFORE, Plaintiffs Tyler Gambill and Matthew Neal, individually, hereby demand judgment against Defendant as follows:

A. For damages in an amount equal to their lost back pay and benefits;

B. Reinstatement to their previous positions;

C. If reinstatement is not feasible or appropriate, an award of front pay for a reasonable period from the date of trial forward;

D. Liquidated damages in an amount equal to their lost wages;

E. Compensatory and punitive damages in an amount to be determined at trial;

F. A permanent injunction prohibiting Defendant from engaging in further acts of unlawful retaliation against its employees;

G. An award of reasonable attorneys' fees and costs;

H. All other and further relief to which may be appropriate to effectuate the purposes of 29 U.S.C. §215(a)(3).

*/s/ Matthew S. Okiishi*___________________
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, Ohio 45245
(513) 943-6659
(513) 943-6669-fax
matt@finneylawfirm.com

**JURY DEMAND**

Plaintiffs demand a trial by jury as to all issues so triable in relation to Count IV of their Complaint.

*/s/ Matthew S. Okiishi*___________________
Matthew S. Okiishi (0096706)